```
                                                    FILED
                                                2012 APR 30  AM 8:39

                                                CLERK U.S. ... COURT
                                                SOUTHERN DISTRICT OF CALIFORNIA

                                                BY_____DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SALVADOR VILLEGAS,<br><br>    Defendant. | Criminal No. 11-CR-3303-JLS<br><br>**ORDER INFORMING DEFENDANT OF *SEESING* OPTIONS FOR RECHARACTERIZATION OF LETTER AS MOTION UNDER 28 U.S.C. § 2255** |

    On April 23, 2012, the Court received a hand-written letter from Defendant, a prisoner currently incarcerated at the Metropolitan Correctional Center in San Diego, California. In his letter, Defendant requests that the Court "get [him] back on the appeal" and raises complaints about his counsel.

    Defendant was sentenced in this case on March 28, 2012 to a term of imprisonment of 64 months. Defendant pled guilty pursuant a plea agreement in which he waived his right to appeal. For this reason, the Court declines to construe Defendant's letter as a notice of appeal. However, because pro se complaints and motions from prisoners are to be liberally construed, the Court is willing to characterize Defendant's letter as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. *See, e.g., United States v. Johnson*, 988 F.2d 941, 943 (9th Cir. 1993). Such a characterization, however, is meant to benefit the pro se

prisoner and should not be invoked to the prisoner's disadvantage. *United States v. Seesing*, 234 F.3d 456, 463 (9th Cir. 2001). Therefore, this Court is required to give Defendant the following options prior to construing his motion under § 2255 and to advise Defendant of the consequences of choosing those options.

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the opportunity to file successive motions under § 2255 is strictly limited. The AEDPA amended 28 U.S.C. § 2255 by providing for a **one-year limitation** period for prisoners to file motions under § 2255. The section states, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> * * *
>
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

11CR3303

**DEFENDANT'S OPTIONS:**

**Option 1**: Consent in writing to this Court ruling on his motion.

Defendant may inform the Court of his desire to have the Court construe his motion as a motion under § 2255 and rule on the merits of his motion. To do so, Defendant should file a pleading with this Court entitled: *"Consent to recharacterization of motion as a motion under § 2255."* The Court will then proceed to rule on the merits of the § 2255 motion.

**Option 2**: Withdraw the instant motion and file an all-inclusive § 2255 motion.

Defendant may withdraw the instant motion and refile an all-inclusive § 2255 motion at a later date which contains all issues that he wishes to raise. If Defendant chooses Option 2, he must file a pleading with this Court entitled: *"Notice of withdrawal of § 2255 motion."*

Defendant is cautioned that under either Option 1 or Option 2, he must also comply with the 1-year limitations period set forth above.

**CONSEQUENCES OF DEFENDANT'S ACTIONS:**

Consequences of selecting Option 1: If Defendant elects to proceed to the merits of his § 2255 motion by filing a *"Consent to recharacterization of motion as a motion under § 2255,"* this Court will rule on Defendant's motion. **However, the Court cautions Defendant that if he chooses this option this would be his <u>one</u> opportunity to file a motion under § 2255 without being required to obtain permission from the court of appeals as set forth above.**

Consequences of selecting Option 2: If Defendant elects to withdraw the instant motion the Court will not rule on the § 2255 motion at this time. However, Defendant will be permitted to include the claims presented in the instant § 2255 motion in an all-inclusive § 2255 motion filed at a later date. **However, the Court cautions Defendant that he must file the all-inclusive § 2255 motion within the applicable statute of limitations set forth above. If Defendant fails to timely file his all-inclusive § 2255 motion within the statute of limitations he will be required to seek permission from the court of appeals as set forth above.**

**CONCLUSION AND ORDER**

Based on the foregoing, and good cause appearing, the Court hereby **NOTIFIES** Defendant of the options set forth above. Defendant must reply to this Order by selecting one of

the options set forth above **no later than 45 days from the date this Order is filed.** The Defendant is advised that the Court will take no further action until the Defendant selects one of the options set forth above.

The Clerk of Court is directed to file Defendant's letter and shall serve a copy of the letter, together with a copy of this Order, on the United States Attorney or an authorized representative.

**IT IS SO ORDERED.**

Dated: 4/27/12

JANIS L. SAMMARTINO
UNITED STATES DISTRICT JUDGE

COPY TO:

Salvador Villegas #66163-097
Metropolitan Correctional Center
808 Union Street
San Diego, CA 92101

U.S. Attorneys' Office

4

11CR3303